1

2

3

4

5

6                          IN THE UNITED STATES DISTRICT COURT

7                            FOR THE DISTRICT OF ARIZONA

8

9    United States of America,              )    CR 97-237-PHX-ROS
                                            )    CV 04-466-PHX-ROS
10              Plaintiff-Respondent,        )
                                            )    **ORDER**
11   vs.                                     )
                                            )
12                                           )
     Micah Rudisill,                         )
13                                           )
                Defendant-Movant.            )
14                                           )
                                            )
15   _____)

16

17          Micah Rudisill filed a pro se Amended Motion To Vacate, Set Aside or Correct

18   Sentence by a Person in Federal Custody pursuant to 28 U.S.C. § 2255.  (Doc. #1244).  On

19   August 4, 2005 Magistrate Judge Voss issued a Report and Recommendation (R&R) that the

20   Motion be denied.  (Doc. #1300).  On August 26, 2005 Rudisill filed objections to the R&R.

21   (Doc. #1307).  For the reasons set forth below, the Court will adopt the R&R in part, deny

22   in part, and deny the Motion To Vacate.  Also pending is Rudisill's Motion To Consider

23   R&R By Magistrate Judge Anderson As To Codefendant Eames. (Doc. #1335).  For the

24   reasons set forth below, this Motion will also be denied.

25   **I. Standard of Review of Report and Recommendation**

26          After a Magistrate Judge submits a Report and Recommendation, the parties have ten

27   days in which to file any objections. 28 U.S.C. § 636(b)(1).  The Court is required to "make

28   a de novo determination of those portions of the report or specified proposed findings or

recommendations to which objection is made." <u>Id.</u>  After evaluating the Magistrate Judge's Report and Recommendation, as well as the objections filed by either party, a district judge "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." <u>Id.</u>

**II.  Factual Findings**

Rudisill makes four objections to Magistrate Judge Voss' factual findings.  Regarding Ground One, which alleges that Count 38 of the superseding indictment fails to charge a cognizable offense and therefore the conviction and sentence pertaining to that count are illegal, Rudisill objects to two factual findings.  The court stated as follows:

> If [Rudisill] is claiming that the government was required to allege eleven separate conspiracy counts for each of the identified financial transactions, he has presented no authority to support such a claim and the court is aware of no such authority.  Based on arguments presented and the court's reading of the superceding indictment, Count 38 alleges sufficient facts to support the charge of conspiracy to commit money laundering under 18 U.S.C. § 1956(h).

(Doc. #1300, p. 4).

Rudisill objects to this finding, but only in so far as it relates to the denial of Ground One, and without any analysis as to why it is inaccurate.  Rudisill's general objection is insufficient to trigger review of those findings.  <u>See</u> <u>Marsden v. Moore</u>, 847 F.2d 1536, 1548 (11th Cir. 1988) ("Parties filing objections to a magistrate's report and recommendation must specifically identify those findings objected to.  Frivolous, conclusive, or general objections need not be considered by the district court.").  Moreover, this statement does not constitute a factual finding, as it poses a hypothetical as to what Rudisill's claims may be.

Rudisill also objects to the Court's finding that "it is important to note that [Rudisill] does not contend the alleged deficiency left him unaware of the charge or unable to prepare a defense to that Count . . . ." (Doc. #1300, p. 4), because Count 38 is based upon a "jurisdictional defect which is per se prejudicial and reversible."  In further support of this objection, Rudisill relies upon his previously filed Memoranda In Support Of the Motion To Vacate.  Again, Rudisill fails to allege a specific basis for the objection and only objects in so far as the statement cited relates to the underlying .  Thus, the factual objection need not be considered.  <u>See</u> <u>Marsden</u>, 847 F.2d at 1548.

1    With regard to Ground Two that the trial court failed to require a unanimous verdict

2  as to which theory of liability the jury relied upon, Rudisill objects to the Court's finding that

3  he failed to allege which provision of the Constitution was violated.  Rather, Rudisill

4  contends that he mentioned the Due Process Clause, and that it was implied he was referring

5  to the Fifth Amendment to the United States Constitution.  In reviewing the Motion, the

6  Court finds that Rudisill did, in fact, contend that the allegations in Ground Two violated his

7  Due Process rights.  As a result, the Court rejects Magistrate Judge Voss' finding that no

8  constitutional violation was alleged.  Nonetheless, as explained below, the Court adopts

9  Magistrate Judge Voss' legal conclusion that such an instruction is not constitutionally

10  required.

11    Rudisill does not object to any findings of fact pertaining to Ground Three. With

12  regard to Ground Four, Rudisill objects to the Court's finding that he contends "his sentence

13  was imposed in violation of the rule announced in Blakely v. Washington, 542 U.S. 296

14  (2004)" on the grounds that his objection was based on the rule announced in Apprendi v.

15  New Jersey, 530 U.S. 466, 490 (2000).  Rudisill's objection is immaterial, as the rule upon

16  which he relies is the same rule.  In Blakely, the Supreme Court held that a judge's and not

17  a jury's sentencing finding made pursuant to a Washington sentencing procedure did not

18  comport with the Sixth Amendment and violated the principle set forth in Apprendi.  Thus,

19  the principle cited in both cases are the same.  For these reasons, Rudisill's objection fails.

20  The Court will adopt the remaining findings of fact.

21  **III.  Legal Analysis**

22    Regarding Ground One, Rudisill makes two objections.  First, Rudisill objects to

23  Magistrate Judge Voss' legal conclusion that his contention that the conspiracy count must

24  allege that he conducted a specific financial transaction is without merit, and that he fails to

25  recognize the difference in the elements of a conspiracy charge.  Rudisill's objection is based

26  on the "plain meaning and controlling interpretation of the words comprising 18 U.S.C. §

27  1956," as well as the argument and authorities cited in previous filings.  Rudisill fails to

28  explain how his interpretation of the plain meaning differs from that of Magistrate Judge

1   Voss, the Ninth Circuit, or the Supreme Court.  Such general objections, which are mere

2   recessitations of arguments raised in Rudisill's Motion To Vacate, need not be considered.

3   See Marsden, 847 F.2d at 1548.  Regardless, the cases relied upon by Magistrate Judge Voss

4   have consistently held that an indictment charging a money laundering violation do not have

5   to allege an overt act.  (Doc. #1300, citing United States v. Tam, 240 F.3d 797, 802 (9th Cir.

6   2001); United States v. Shabani, 513 U.S. 10, 15 (1994)).

7        Next, Rudisill objects to Magistrate Judge Voss' ultimate recommendation that his

8   allegations in Ground One be denied "for all the reasons be objected in 1 through 3 of this

9   filing . . . [and] reasserts all the grounds upon which relief should be granted from all his

10  previous filings in this case . . . ."  Having already addressed these objections and stated

11  arguments previously raised in the Motion To Vacate need not be considered, the Court will

12  adopt Magistrate Judge Voss' recommendation to deny Ground One.

13       Regarding Ground Two, Rudisill takes issue with the Court's finding that the Supreme

14  Court and Ninth Circuit have held that jurors are not constitutionally required to unanimously

15  agree on alternative theories of criminal liability, because none of these cases deal

16  specifically with 18 U.S.C. § 1956(h), the statute under which he was convicted for money

17  laundering, or mutually exclusive theories of liability.  The cases relied upon by Magistrate

18  Judge Voss, despite that they do not involve 18 U.S.C. § 1956(h), all address the precise

19  issue at hand, which is whether jurors are constitutionally required to unanimously agree on

20  alternative theories of liability.  There is no indication that a court would find otherwise in

21  a case involving 18 U.S.C. § 1956(h) and Rudisill cites no authority supporting his

22  contention.

23       Rudisill objects to Magistrate Judge Voss' overall finding that the trial court did not

24  err in failing to instruct the jury that it must unanimously agree on which theory of liability

25  applied to each count to find Rudisill guilty.  Rudisill's objection is based on the same

26  grounds supporting the previous objection.  For the same reasons cited above, the Court finds

27  his objection is without merit.

28

1    Rudisill also objects to Magistrate Judge Voss' conclusion that "[g]iven the extensive

2    evidence showing [Rudisill's] role as one of the organizers and leaders of this fraudulent

3    scheme, there is no basis to believe that the jury would have rendered different verdicts if

4    counsel had requested and the trial court had given a special unanimity instruction." Rudisill

5    objects based on evidence he claims indicates his involvement in the money laundering

6    scheme was scarce.  Rudisill does not cite to any evidence in the record indicating his

7    involvement was scarce.  As previously stated, such general objections need not be

8    considered. See Marsden, 847 F.2d at 1548.  Regardless, the evidence relied upon and cited

9    in the R&R supports Magistrate Judge Voss' finding.

10    Finally, Rudisill objects to Magistrate Judge Voss' conclusion that "[b]ecause the rule

11    announced in Blakely is not retroactive, [Rudisill] cannot raise the claim on collateral

12    review" and recommendation that Ground Four be denied.  Rudisill's objection is based on

13    arguments previously made, and also the Colorado Court of Appeals decision in People v.

14    Johnson, which is attached to his objections.  The Ninth Circuit has held that Blakely does

15    not apply retroactively to a conviction that was final before that decision was announced.

16    Schardt v. Payne, 2005 WL 1593468, at *11 (9th Cir. 2005).  This decision is consistent with

17    other federal circuits. (Doc. #1300, p. 8, citing cases).  The Colorado case cited by Rudisill

18    is not binding upon this Court.

19    Also pending is Rudisill's Motion Requesting that the Court Consider the R&R as To

20    Codefendant Eames (Doc. #1335) in so far as Magistrate Judge Anderson recommended that

21    Eames be entitled to some additional process in light of Apprendi v. New Jersey, 530 U.S.

22    466 (2000) and the associated cases.  Having reviewed Magistrate Judge Anderson's R&R,

23    as well as the Court's Order adopting it and denying Eames' Motion To Vacate, the Court is

24    even more convinced that the procedures set forth in United States v. Ameline, 409 F.3d

25    1073 (9th Cir. 2005) are  inapplicable, and therefore will not engage in the threshold issue

26    of the possibility of resentencing.  The Court concluded that even Eames is not so entitled.

27    United States v. Eames, No. CR-97-237-PHX-ROS (Doc. #1342).  For these reasons,

28    Rudisill's Motion is denied.

1    Accordingly,

2        IT IS ORDERED that the Magistrate Judge's Report & Recommendation (Doc.

3   #1300) is ADOPTED as set forth above.  Rudisill's Motion To Vacate, Set Aside, or Correct

4   Sentence (Doc. # 1244) is DENIED.   The Clerk of Court shall dismiss case number CV-04-

5   0466.

6        IT IS FURTHER ORDERED that Rudisill's Motion To Consider The Report &

7   Recommendation Made By Magistrate Judge Anderson As To Codefendant Eames (Doc.

8   #1335) is DENIED.

9

10

11        DATED this 1st day of November, 2006.

12

13

14

15

16

17

18

19                                    _____
                                      Roslyn O. Silver
20                                    United States District Judge

21

22

23

24

25

26

27

28